**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2508-WJM-KMT

RALPH FEMRITE, and
BARBARA FEMRITE,

    Plaintiffs,

v.

CHUCK RIPKA, and
RIPKA ENTERPRISES, LLC

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

---

Plaintiffs initiated this action on September 10, 2014 and assert breach of contract and fraud claims against Defendants. (ECF No. 1.) On April 23, 2008, Plaintiffs and Defendants executed a written promissory note ("the Contract"). (*Id*. at 2.) The Contract provided that Plaintiffs would loan Defendants $100,000.00 and that Defendants would repay the principal balance within six months of the contract date. (*Id*.) However, Defendants defaulted on their payment obligations. (*Id*.) Plaintiffs therefore initiated this action and claim that Defendants have made no payments on the Contract principal. (*Id*.) Plaintiffs further allege that Defendants fraudulently misrepresented that the principal would be paid using proceeds from the sale of a diamond shipment, and that Defendants knew this representation was false. (*Id*. at 3.) This matter is before the Court on Plaintiffs' Motion for Default Judgment ("Motion"). (ECF No. 16.) For the reasons set forth below, the Motion is granted.

## I.  ANALYSIS

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006). In this matter, the Court will therefore determine: (1) whether the Court's jurisdiction over the Defendants and claims is proper; (2) whether the well-pleaded allegations of fact support a judgment on the claims against Defendants; and (3) what damages Plaintiffs are entitled to, if any. The Court discusses each issue below.

**A.     The Court's Jurisdiction**

The Court must first determine whether it has personal jurisdiction over the Defendants, and subject matter jurisdiction over the action. The Court finds that it has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are diverse and the amount in controversy exceeds $75,000.00. (ECF No. 1.) The Court also finds that it has personal jurisdiction over Defendants because the Contract was negotiated and entered into with Colorado residents, and Defendants' breach caused foreseeable harm to Plaintiffs in Colorado. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).

**B.     Plaintiffs' Claims**

Plaintiffs assert breach of contract and fraud claims against Defendants. (ECF No. 1.) Treating all well-pled facts in the Plaintiffs' Complaint as true based on the Defendants' default, the Court finds that the Plaintiffs have alleged a sufficient basis on which to impose joint and several liability on both Defendants in this action. The Court discusses both claims below.

   1. <u>Breach of Contract</u>

The elements of a breach of contract claim in Colorado[1] are: (1) existence of a contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform the contract by defendants; and (4) damages to plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The Court finds that Plaintiffs have established that Defendants breached the

---

[1] Because the Court has diversity jurisdiction over this matter, it applies Colorado law to Plaintiffs' claims. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

Contract.  Plaintiffs have shown that the Contract was executed by both parties; Plaintiffs performed their obligations under the Contract; Defendants failed to pay the principal due under the Contract's terms; and Plaintiffs suffered damages as a result. (ECF No. 1.)  Therefore, the Court finds that Plaintiffs are entitled to recover damages on their claim for breach of contract.

2. Fraud

The elements of a fraud claim in Colorado are as follows:  (1) the defendant made a false representation of material fact; (2) the defendant knew the representation was false; (3) the person to whom the representation was made did not know it was false; (4) the defendant made the representation intending that it be acted on; and (5) reliance on the representation resulted in damage to the plaintiff.  *Vinton v. Virzi*, 269 P.3d 1242, 1247 (Colo. 2012).  Moreover, fraud claims must be pled with particularity, a heightened pleading requirement.  *Id*.; Fed. R. Civ. P. 9(b).

The Court finds that Plaintiffs' Complaint pleads fraud with particularity, and that Plaintiffs have established that Defendants committed fraud.  Plaintiffs have shown that Defendants fraudulently misrepresented a material fact, specifically that the Contract principal would be paid using proceeds from the sale of a diamond shipment.  (ECF No. 1 at 3.)  Defendants also misrepresented the "status of the principal funds."  (*Id.*) Plaintiffs further allege that Defendants knew these representations were false, and that Plaintiffs were ignorant of their falsity.  (*Id.*)  Defendants made these representations with the intent to defraud and deceive, and Plaintiffs relied on, and were induced to enter into the Contract because of, the representations.  (*Id.*)  As a result, Plaintiffs

suffered damages. (*Id.*) Taking the facts alleged in Plaintiffs' Complaint as true, the Court finds that Plaintiffs are entitled to recover on their fraud claim.

### C.     Default Judgment for Sum Certain Damages

The Court finds that a default judgment should be entered for the sum certain damages that Plaintiffs seek. Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Here, Plaintiffs have alleged that the Contract amount was $100,000.00, and have submitted an affidavit stating that, to date, Defendants have not repaid any money under the Contract. (ECF Nos. 1 & 16-1.) Plaintiffs have also submitted a copy of the Contract which states the amount lent by Plaintiffs and is signed by Defendant Chuck Ripka on behalf of Defendant Ripka Enterprises, LLC. (ECF No. 1 at 6.) The Court therefore enters judgment in the amount of $100,000.00 against Defendants in favor of Plaintiffs.

### D.     Attorneys' Fees and Costs

In the absence of an express court rule, statute, or private contract to the contrary, attorneys' fees are generally not recoverable by the prevailing party in a tort or contract action. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002); *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006). Here, the promissory note does not contain any provision allowing for Defendants' potential liability for attorneys' fees.

(ECF No. 1 at 5-6.) Moreover, Plaintiffs have not cited a court rule or statute proving their entitlement to attorneys' fees under the facts of this case. The Court accordingly denies any request for attorneys' fees in this matter. Plaintiffs are, however, entitled to their costs pursuant to Federal Rule of Civil Procedure 54(d).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Entry of Default Judgment Against Defendants (ECF No. 16) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiffs and against Defendants Charles Ripka and Ripka Enterprises, LLC jointly and severally in the amount of $100,000.00; and

3. The Clerk shall enter final judgment in accordance with this Order and shall TERMINATE this case. Plaintiffs shall have their costs.

Dated this 18th day of May, 2015.

BY THE COURT:

William J. Martinez
United States District Judge